Rosa E. HERNANDEZ, Plaintiff–Appellant,

v.

Kenneth S. APFEL, Commissioner of the Social Security Administration, Defendant–Appellee.

No. 99–56353.

D.C. No. CV–97–01611–AIJ.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 8, 2001.*

Decided Feb. 12, 2001.

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before D.W. NELSON,
O'SCANNLAIN, and KLEINFELD,
Circuit Judges.

### MEMORANDUM **

Maria Hernandez appeals the denial of her claim for disability insurance benefits and Supplemental Security Income benefits under Titles II and XVI of the Social Security Act. The district court granted summary judgment in favor of the Commissioner. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

** This disposition is not appropriate for publication and may not be cited to or by the

The Administrative Law Judge ("ALJ") found, on the basis of testimony from a vocational expert ("VE"), that although Hernandez's past work as a cloth cutter and spreader, a packer, and an assembler was precluded by her non-exertional residual functional capacity limitations, she could work as an usher, a school crossing guard, or a visual inspector. The ALJ concluded that because there were a significant number of jobs in the national economy that she could perform, Hernandez was not disabled.

Hernandez argues that the VE's testimony conflicted with the Dictionary of Occupational Titles ("DOT") because the suggested occupations require language skills beyond her English language capabilities. But the ALJ may rely on expert testimony that contradicts job descriptions in the DOT if the record contains persuasive evidence to support the deviation. *Johnson v. Shalala*, 60 F.3d 1428, 1435. In *Johnson*, we held that testimony describing jobs available in the local rather than the national market constitutes persuasive evidence supporting a deviation from the DOT. *Id.* Here, the VE testified that an individual with Hernandez's educational, language, and physical limitations could perform 1,507 usher jobs, 1,174 crossing guard jobs, and 9,105 visual inspector jobs in the local (Los Angeles) economy. The ALJ was entitled to rely on the testimony of the VE because, as in *Johnson*, the VE was describing jobs available in the local, rather than the national, economy.

AFFIRMED.

courts in this circuit except as provided by Ninth Circuit Rule 36–3.